*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STACY L. ERWIN OAKES,

　　　　　　Plaintiff-Appellant,

v

TEAM ONE CREDIT UNION,

　　　　　　Defendant-Appellee.

UNPUBLISHED
December 21, 2023

No. 363616
Saginaw Circuit Court
LC No. 21-044411-NZ

Before: RIORDAN, P.J., and MURRAY and M.J. KELLY, JJ.

PER CURIAM.

Plaintiff Stacy L. Erwin Oakes, an attorney acting *in propria persona*, appeals as of right the trial court's entry of judgment in favor of defendant Team One Credit Union in accordance with this Court's order granting defendant's motion for sanctions and directing the trial court to determine the amount of damages incurred by defendant as a result of plaintiff's prior vexatious appeal. However, a review of plaintiff's appellate brief reveals that she is in fact not challenging the judgment, but is instead appealing the trial court's order granting defendant summary disposition, arguing that the court failed to give her an opportunity to amend her pleadings. Further, she asserts, "The record reflects the lower court did not adhere to the January 1, 2020 Michigan Court Rules, specifically, MCR 1.105 and MCR 2.302 (A)." We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 3, 2021, plaintiff initiated the instant lawsuit by filing a 10-paragraph complaint, which fails to identify a specific cause of action, but references fraud. She alleges she owned a single-family home used as an office, and that defendant issued her a line of credit but stopped applying her payments, did not respond to requests to identify the loan type so she could pay the outstanding balance, and published a mortgage sale notice for public auction. Plaintiff concurrently moved for a temporary restraining order to prevent defendant from selling, transferring, or assigning title of the property.

Following the initiation of her case, plaintiff moved to disqualify trial court Judge Joseph K. Sheeran, and moved to add a defendant and amend her complaint, which she appears to have done multiple times throughout the lower court proceedings.

-1-

Defendant moved for summary disposition under MCR 2.116(C)(8), asserting that plaintiff's complaint fails because it states no discernable cause of action, and that if plaintiff intends to plead fraud, she must do so with particularity. In her response in opposition, plaintiff requested leave to amend her complaint under MCR 2.116(I)(5) in the event the court granted summary disposition, and reminded the court of her pending motion to add a defendant and amend her complaint. In reply, defendant argued that plaintiff effectively conceded her complaint failed to state a claim, and that plaintiff did

> not argue in her Brief that amendment would be justified. She [did] not provide the Court with a proposed amended complaint so that the merits of her claims [could] be assessed. She [did] not even outline a fraud claim with particularity in her Brief in Opposition. Accordingly, the evidence before the Court is clear. Said evidence demonstrates that an amendment [would not be] justified in this case.

At a hearing on August 2, 2021, the trial court denied plaintiff's motion to disqualify, and on October 13, 2021, it entered an order to that effect, which also indicated the decision could be referred to a judge for de novo review, and stayed the case. Two days later, plaintiff filed a claim of appeal in this Court, challenging the trial court's disqualification order. This Court dismissed that appeal for lack of jurisdiction, explaining that the disqualification order was not appealable as of right, but that plaintiff could file a delayed application for leave to appeal. *Erwin Oakes v Team One Credit Union*, unpublished order of the Court of Appeals, entered October 26, 2021 (Docket No. 358926).

However, rather than apply for leave to appeal, plaintiff moved for reconsideration, which this Court denied, *Erwin Oakes v Team One Credit Union*, unpublished order of the Court of Appeals, entered November 30, 2021 (Docket No. 358926), and then applied for leave to appeal to our Supreme Court, which it ultimately denied, *Oakes v Team One Credit Union*, 509 Mich 976 (2022). As a result of plaintiff's actions, this Court granted defendant's motion for sanctions, stating:

> The motion for sanctions for vexatious proceedings is GRANTED to the following extent. This case is REMANDED to the trial court to determine the amount of appellee Team One Credit Union's actual damages as a result of this appeal, including but not limited to actual attorney fees incurred; and to enter judgment against appellant Stacy Erwin Oakes in the amount of Team One's actual damages plus an additional award of punitive damages in an amount equal to Team One's actual damages. MCR 7.216(C)(2). We DENY the request for additional relief as to requiring appellant to post a bond before filing further appeals. [*Erwin Oakes v Team One Credit Union*, unpublished order of the Court of Appeals, entered January 20, 2022 (Docket No. 358926).]

The trial court lifted the stay on September 14, 2022, and held a hearing on October 24, 2022, to determine defendant's damages in accordance with this Court's order and consider defendant's motion for summary disposition. The court awarded defendant $14,713.50, and codified that award in a judgment entered on October 31, 2022. With regard to summary disposition, defendant reiterated its argument that plaintiff's pleadings and other filings fail to state a valid claim, and acknowledged plaintiff's ability to amend her pleadings under the court rules,

but asserted any amendment would be futile. In response, plaintiff reminded the court of her motions to amend or supplement the complaint, and asserted the existence of a factual dispute to survive summary disposition. Ultimately, the court granted defendant summary disposition on the record under MCR 2.116(C)(8), but did not enter a written order to that effect until November 8, 2022.

## II. ANALYSIS

### A. JURISDICTION

Initially, we address defendant's jurisdictional challenge. In its brief on appeal, defendant asserts:

> Jurisdiction to hear this appeal is questionable. The Claim of Appeal was filed on 10-31-22 and only identifies orders and judgments entered on 10-31-22 as the orders and judgments being appealed. However, neither the Order nor the Judgment entered on that date were "final orders" as that term is defined in MCR 7.202(6)(a)(i). . In fairness, a "final order was eventually entered on November 8, 2022 from a hearing that was held on October 24, 2022 but it is not at all clear as to the effect of filing a premature Claim of Appeal and identifying only non-final orders has on this Courts [sic] appellate jurisdiction. What is clear is that neither of the orders identified in the Claim of Appeal are "final orders".

This Court has jurisdiction over appeals of right from final orders with certain exceptions that do not exist here. MCR 7.203(A). Non-final judgments are appealable by leave granted. MCR 7.203(B). A final order is "the first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(*i*).

Plaintiff filed her claim of appeal on October 31, 2022. In response, this Court sent plaintiff a defective holding file letter, asking, in part, that she forward "a copy of the judgment or order appealed from under MCR 7.204(C)(1) or MCR 7.205(B)(2)[.]" Plaintiff filed both the October 31, 2022 money judgment against her for filing the prior vexatious appeal, and the court's order granting summary disposition. However, the judgment is not a final order appealable as of right under MCR 7.203(A), and it is clear from plaintiff's brief on appeal that she is challenging the court's summary disposition order rather than the judgment.

Although the trial court granted defendant summary disposition on the record at the October 24, 2022 hearing, it did not enter the corresponding order until November 8, 2022, *after* plaintiff filed her claim of appeal on October 31, 2022, and a court speaks through its written orders, *City of Sterling Hts v Chrysler Group, LLC*, 309 Mich App 676, 682; 873 NW2d 342 (2015). Thus, as defendant asserts, plaintiff's claim of appeal was premature. Nevertheless, for the sake of judicial economy, we will exercise our discretion to address the issues raised in plaintiff's appeal. See *Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012).

### B. STANDING

Defendant also asserts in its appellate brief that plaintiff is no longer the real party in interest and lacks standing to pursue this appeal because defendant "was the successful bidder at

the sale of [plaintiff's] intangible personal property rights which included both this cause of action and the right to appeal in this case." Defendant raised the same argument in support of its motion to dismiss plaintiff's appeal, which this Court denied because defendant failed to establish any grounds for dismissal under MCR 7.211(C)(2), *Erwin Oakes v Team One Credit Union*, unpublished order of the Court of Appeals, entered May 31, 2023 (Docket No. 363616).

This Court has jurisdiction over an appeal as of right filed by an *aggrieved* party. MCR 7.203(A). As our Supreme Court stated in *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006):

> [S]tanding refers to the right of a party plaintiff *initially* to invoke the power of the court to adjudicate a claimed injury in fact. In such a situation it is usually the case that the defendant, by contrast, has no injury in fact but is compelled to become a party by the plaintiff's filing of a lawsuit. In appeals, however, a similar interest is vindicated by the requirement that the party seeking appellate relief be an "aggrieved party" under MCR 7.203(A) and our case law. This Court has previously stated, "To be aggrieved, one must have some interest of a pecuniary nature in the outcome of the case, and not a mere possibility arising from some unknown and future contingency." An aggrieved party is not one who is merely disappointed over a certain result. Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury, as would a party plaintiff initially invoking the court's power. The only difference is a litigant on appeal must demonstrate an injury arising from either the actions of the trial court or the appellate court judgment rather than an injury arising from the underlying facts of the case. [Citations omitted.]

Defendant may or may not be correct, but we need not consider the merits of its argument, as plaintiff's woefully inadequate briefing necessitates our rejection of the issues raised on appeal.

## C. SUMMARY DISPOSITION

In an argument spanning only half of a page, plaintiff asserts that when a motion for summary disposition is granted under MCR 2.116(C)(8), the court shall give the parties an opportunity to amend their pleadings, and "[t]he record reflects the lower court did not give [plaintiff] an opportunity to amend the pleadings pursuant to MCR 2.118."

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(8) "to determine whether the opposing party failed to state a claim upon which relief can be granted." *Charter Twp of Pittsfield v Washtenaw Co Treasurer*, 338 Mich App 440, 448; 980 NW2d 119 (2021), citing *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "A trial court's decision on a motion to amend a complaint is reviewed for an abuse of discretion." *Long v Liquor Control Comm*, 322 Mich App 60, 67; 910 NW2d 674 (2017). If a trial court grants summary disposition under MCR 2.116(C)(8), "the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." MCR 2.116(I)(5); see also *Ghanam v Does*, 303 Mich App 522, 543; 845 NW2d 128 (2014).

As referenced earlier, plaintiff did file motions below to add a defendant and amend her complaint, but she does not reference or address those motions as part of her argument on appeal. She also requested leave to amend her complaint in her response to the summary disposition motion, which the trial court was reminded of at the hearing, but she entirely failed to explain what amendments she would make and why such amendments would remedy any deficiencies in her complaint, or to attach a proposed amended complaint.

She exhibits the same minimal effort on appeal, providing no argument regarding why any amendment would not be futile, nor providing any citation to the record at all in support of her assertion. Thus, although the trial court did not appear to specifically consider or rule on plaintiff's request for amendment,[1] on the basis of what little is before us, we cannot conclude that the trial court abused its discretion in failing to do so. See *Seifeddine v Jaber*, 327 Mich App 514, 519-520; 934 NW2d 64 (2019) ("A party may not simply announce a position and leave it to this Court to make the party's arguments and search for authority to support the party's position. Failure to adequately brief an issue constitutes abandonment.") (citations omitted); see also *Pegasus Wind, LLC v Tuscola Co*, 340 Mich App 715, 754; 988 NW2d 17 (2022) ("An appellant may not merely announce a position then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority.") (quotation marks and citation omitted).

## D. DISCOVERY VIOLATIONS

In the second half of her single-page argument, plaintiff cursorily states, "The record reflects the lower did not adhere to the January 1, 2020 Michigan Court Rules, specifically, MCR 1.105 and MCR 2.302(A)."

MCR 1.105 provides that the court rules are to be construed and administered to secure the just, speedy, and economical determination of every action, and MCR 2.302(A) governs initial disclosures. Plaintiff's argument is devoid of any indication that she challenged the trial court's application of these rules below, any citation to the lower court record or to legal support, and any substance at all. Thus, even if this Court was inclined to entertain her assertions, plaintiff has

---

[1] Under certain circumstances, a trial court's apparent failure to directly address a request for amendment in response to the granting of summary disposition may constitute an abuse of discretion. However,

> "[a]mendments must be filed in writing . . . ." MCR 2.118(A)(4). When a party makes an oral request to amend the complaint under MCR 2.116(I)(5), that party must also offer a proposed amendment in writing. *Lown v JJ Eaton Place*, 235 Mich App 721, 726; 598 NW2d 633 (1999). If a plaintiff fails to do so, the plaintiff has failed to comply with the court rule and the trial court does not abuse its discretion by denying the request to amend. *Id*. [*Twp of Grayling v Berry*, 329 Mich App 133, 151-152; 942 NW2d 63 (2019).]

Plaintiff fails to produce evidence that she presented the trial court with a proposed amended complaint.

entirely failed to provide the tools to do so, thereby abandoning the issue. See *Seifeddine*, 327 Mich App at 519-520; *Pegasus Wind, LLC*, 340 Mich App at 754.

Affirmed. As the prevailing party, defendant can tax costs. MCR 7.219(A).


/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly